COX, DIR., ET AL. *v.* SOUTH CENTRAL POWER COMPANY ET AL.

(No. 87CV 09 6178—Decided May 9, 1989.)

Court of Common Pleas of Franklin County.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Cheryl Minsterman,* for the Director of Commerce et al.

*Thompson, Hine & Flory, Robert P. Mone* and *Barry L. Lubow,* for defendants.

DANA A. DESHLER, J. This action comes before the court upon defendants' motion for summary judgment. The issue before the court is one of law, not involving questions of fact and, therefore, a decision by summary judgment is proper.

Defendant South Central Power Company ("South Central") is a member of defendant Ohio Rural Electric Cooperative, Inc. South Central has adopted, in its Code of Regulations, an agreement between itself and its customers, who are referred to as "patrons," to create "capital credits" of any revenue received in excess of its costs. For simplicity, it appears that each patron receives a capital credit in proportion to his or her yearly payment. If South Central's Board of Trustees desires to retire all or a portion of these credits, a patron may make a claim within four years of notification of the right to make such a claim. If a patron fails to assert a claim, then the funds are considered an irrevocable assignment and gift to the cooperative and, thus, returned into the coffers of the cooperative. The facts do not indicate that any patron has attacked this system. Further, by becoming a member, each patron has agreed to this method of allocation.

The claim by the state, through the Director of Commerce and the Acting Director of the Division of Unclaimed Funds, is that the defendants' method of "capital credits retirement" is an invalid assignment or gift and, therefore, credits unclaimed for a period of

five years should inure to the benefit of the state's unclaimed funds account pursuant to R.C. Chapter 169.

R.C. 169.01(B) defines "unclaimed funds" as "any moneys, rights to moneys, or intangible property, described in section 169.02 of the Revised Code, when, as shown by the records of the holder, the owner has not, within the times provided in section 169.02 of the Revised Code, done any of the following: * * *[.]" Several situations are then listed, including "[a]ssigned, paid premiums, or encumbered such funds[.]" (R.C. 169.01[B] [2].)

The state relies upon R.C. 169.02 (E) and the avowed legislative intent of R.C. Chapter 169 to return money or property held by another to the true owner, or, if the true owner cannot be located, to the state to be held in trust. The state contends that South Central's Code of Regulations, with respect to the retirement of capital credits, is a private contract which contravenes R.C. Chapter 169.

It is simple to identify the competing interest: The state desires to "hold in trust" the unclaimed funds, and South Central wishes to keep the unclaimed funds for its members.

The state urges that public policy is against the assignment or gift provisions of South Central's Code of Regulations. That position is not well-founded. The members are free to contract as they wish unless the contract is illegal, unconscionable or against public policy. If the members have agreed to waive the right to assert claims for credits after a specific period, then the court can discern no public policy contrary to that agreement. While it is clear that this procedure eliminates transformation of the overpayments into unclaimed funds, the funds belong to those members who agreed to the disposition. The state also contends that there can be no valid assignment or gift as contemplated by South Central's Code of Regulations and that, "[s]urely, owners of retired capital credits do not intend to give * * * these capital credits to South Central." (See Page 12 of the Memorandum Contra.) In fact, by becoming a member of South Central, the members have agreed to such disposition and the state has presented no evidence to the contrary. To clarify, the funds do not revert to South Central, but rather to its members.

R.C. Chapter 169, specifically R.C. 169.02(E), addresses capital credits of cooperatives payable after the death of the owner and states that the provision does not apply if the payment is not mandatory. There is no mention of other types of credits. Until the legislature deems to enact a provision that would touch upon the type of credit in this action, assuming it could constitutionally do so, the court is not inclined to disturb the agreed-upon rights of South Central and its members. The court concludes that there is no public policy that would be contrary to South Central's system of capital credits. The court also concludes that the provisions of R.C. Chapter 169 fail to delineate any rights by which the state may claim those capital credits. Summary judgment is, therefore, proper in favor of defendants.

*Judgment for defendants.*